(November 30, 1900.)

## BOISE CITY v. UNION BANK AND TRUST COMPANY.

### [63 Pac. 107.]

CONSTITUTIONAL LAW—ISSUANCE OF BONDS—INTEREST AND SINKING FUND.—Where the city council provided by ordinance for the levy of an annual tax for the payment of all interest to accrue on funding bonds about to be issued and also by such ordinance provided for the levy of an annual tax after the year 1909, to constitute a sinking fund for the payment of the principal of such bonds, which tax is amply sufficient for that purpose the provisions of section 3, article 8, of the constitution of Idaho, with reference to the levy of an annual tax to pay the interest on such bonds and to create a sinking fund for the payment of the principal of the same are complied with. *Held*, under the facts of this case, that said bonds were legally issued, and that they created a valid indebtedness against said city.

(Syllabus by the court.)

APPEAL from District Court, Ada County.

Oliver O. Haga, for Appellant.

Appellant insists that under section 3, article 8 of the constitution of Idaho, a municipal corporation, in creating a bonded indebtedness must, before or at the time of creating such indebtedness, make provision for the collection of an annual tax sufficient in amount to pay the principal of said indebtedness within twenty years from the time of contracting the same; and that said tax must be levied annually, beginning with the first tax levy made after said indebtedness is created, and continuing to be levied for each year thereafter until all of said indebtedness is extinguished. The language of said section 3, article 8, is as follows (quoting only so much of it as is in dispute) : "Before or at the time of incurring such indebtedness, provision shall be made for the collection of an annual tax sufficient to pay the interest on such indebtedness as it falls due, and also to constitute a sinking fund for the payment of the principal thereof, within twenty years from the time of contracting the same. Any indebtedness or liability incurred contrary to this provision shall be void." (*Cohn v. Kingsley,* 5 Idaho, 416, 49 Pac. 996; Story on the Constitution, 3d ed., sec. 451.) We are not to expect to find in the constitution provisions which the people, in adopting it, have not regarded as of high importance. (Cooley's Constitutional Limitations, 5th ed., 93.) In the plain language of this section the people have placed a prohibition upon the power of the council to defer or postpone the collection of a tax for the sinking fund, and, "whenever the language used in the constitution is prohibitory it is to be understood as intended to be a positive and unequivocal negation." (Black on Interpretation of Laws, sec. 19.) The section in question was copied from section 18, article 11 of the constitution of California, and appellant's contention is completely sustained by the fact that several years prior to the time the constitution of Idaho was framed, the legislature of California had construed said section 18 of article 11 to mean precisely what appellant here contends for. (See California Pol. Code, sec. 4447; Sutherland on Statutory Construction, sec. 257, and cases there cited.) A strict construction of constitutional provisions is a safe and reasonable judicial policy. (*Wolcott v. Wigton,* 7 Ind. 44; *Lafayette etc. R. R. Co. v.*

*Geiger,* 34 Ind. 185; *Feople v. Purdy,* 2 Hill (N. Y.), 31; 4 Hill, 384, 419; *Newell v. People,* 7 N. Y. 9, 97; *Gibbons v. Ogden,* 9 Wheat. 1; *Greencastle Township v. Black,* 5 Ind. 566.) Where an act is clear upon its face and where standing alone it is fairly susceptible of but one construction, that construction must be given it. (*Hayden's Case,* 3 Coke, 76; *United States v. Freeman,* 3 How. 556; Endlich on Interpretation of Statutes, sec. 509; *Hawkins v. Carroll Co.,* 50 Miss. 735.) Where the text is plain and unambiguous, courts are not at liberty, in putting an interpretation upon it, to search for its meaning beyond the instrument itself, or to resort for that purpose to extrinsic facts and circumstances. (Endlich on Interpretation of Statutes, sec. 509; *Chesapeake etc. R. R. Co. v. Miller,* 19 W. Va. 408; *Sturges v. Crowninshield,* 4 Wheat. 202, 203; Cooley's Constitutional Limitations, 68; *Lake Co. v. Rollins,* 130 U. S. 662, 9 Sup. Ct. Rep. 651, 32 L. ed. 1060.)

C. C. Cavanah and N. M. Ruick, for Respondent.

Where the terms employed in the constitution are not plain, express and unequivocal and where it is possible to place thereon different constructions, neither of which can be said to be unreasonable, then it is that contemporaneous construction on the part of the court and the legislature becomes of great and determining force. (1 Story on the Constitution, 407, 408.) Historical Facts: *Martin v. Hunter,* 1 Wheat. 352. Practical Construction: *Bank v. Halsted,* 10 Wheat. 63. Contemporaneous Construction, "Federalist": *Cohens v. Virginia,* 6 Wheat. 418. Contemporaneous Judicial construction: *Knowles v. Yeates,* 31 Cal. 88, 89; *Hughes v. Hughes,* 4 B. Mon. (Ky.) 42; *People v. Wright,* 6 Colo. 92. Legislature, contemporaneous construction: *People v. Wright,* 6 Colo. 92; Cooley's Constitutional Limitations, 183 et seq.; Sedgwick on Statutory and Constitutional Law, 409, 412; *People v. Rucker,* 5 Colo. 455; *People v. Green,* 2 Wend. 266, 274; *State v. Glenn,* 18 Nev. 43-46, 1 Pac. 186. Act of first legislature after constitution: *Cooper Mfg. Co. v. Ferguson,* 113 U. S. 727-737, 5 Sup. Ct. Rep. 739; 28 L. ed., 1138. As the clause in the constitution and the act of the legislature relate to the same subject, like statutes *in pari*

*materia,* they are to be construed together. (*Cooper Mfg. Co. v. Ferguson, supra,* citing *Eskridge v. State,* 25 Ala. 30.) Constitutionality of statute—presumption: *Louisville R. R. v. Court,* 1 Sneed, 637, 62 Am. Dec. 424; *Santo v. State,* 2 Iowa, 165, 63 Am. Dec. 487; *Mayor etc. v. State,* 15 Md. 376, 74 Am. Dec. 572, and cases cited in notes.

SULLIVAN, J.—This suit arose out of the following facts: The respondent, the municipal corporation of Boise City, accepted appellant's bid for $59,854.65 municipal funding bonds then about to be issued by said city. Respondent thereupon tendered to appellant the bonds so bid for, but appellant refused to accept and pay for them, for the reason that said bonds do not constitute a valid indebtedness against said city, for the reason that section 7 of Ordinance No. 311 of said city does not sufficiently comply with the requirements of section 3 of article 8 of the constitution of Idaho in the matter of constituting or providing a sinking fund for the redemption of said bonds as they become due. The facts of the case were stipulated by the respective parties, and appear in the record. Upon those facts the case was submitted to the court below, and judgment was entered in favor of the city, from which judgment this appeal was taken.

The provisions of section 3 of article 8 of our state constitution, which, it is contended, have not been complied with by section 7 of Ordinance 311 of said city, are as follows: "No county, city town, township, board of education, or school district, or other subdivision of the state shall incur any indebtedness, or liability in any manner, or for any purpose, exceeding, in that year, the income and revenue provided for it for such year, without the assent of two-thirds of the qualified electors thereof, voting at an election to be held for that purpose, nor unless, before or at the time of incurring said indebtedness, provision shall be made for the collection of an annual tax sufficient to pay the interest on said indebtedness as it falls due, and also to constitute a sinking fund for the payment of the principal thereof, within twenty years from the time of contracting the same. Any indebtedness or liability incurred contrary to this provision

shall be void; provided,· that this section shall not be construed to apply to the ordinary and necessary expenses authorized by the general laws of the state." Section 7 of said Ordinance 311 is as follows: "Be it further ordained that in order to provide a fund to pay the interest on such $59,854.65 municipal funding bonds as it falls due, and also to constitute a sinking fund on and after the year 1910, for the payment of the principal of such municipal bonds within twenty years from the date of the same, there shall be levied, assessed and collected, annually, upon all the taxable property within Boise City (in addition to all authorized taxes), a special tax each year producing a sum sufficient to pay the interest falling due on such municipal bonds in that year, and when any of such bonds have been paid, then the sum of $2,992.75 each year less the annual amount of interest on such municipal bonds as shall have been paid, and also producing the sum of $5,985.46 additional each year on and after the year 1909, to constitute a sinking fund for the payment of the principal of such municipal bonds, said sinking fund to be separate and distinct from all other funds or moneys, and to be held and kept as a fund out of which to pay the principal of such municipal bonds, and to be held and safely invested, with the income thereof, in such manner as the mayor and common council shall from time to time direct, and the same or any part thereof may from time to time be applied in the discretion of said mayor and common council, to the redemption, in numerical order, after 1909, of any such municipal bonds; it being the intention and purpose hereof to make full and adequate provision for the collection of an annual tax sufficient to pay the interest on such municipal bonds as it falls due, and also to constitute a sinking fund on and after the year 1910 for the payment of the principal of such municipal bonds and within twenty years from the time of contracting the debt evidenced by the same; and such special tax shall be levied, assessed and collected annually, as other city taxes are, and in addition thereto the faith and credit of, and all the taxable property within, Boise City are and shall continue pledged, and the proper officers of Boise City shall continue to assess and collect such special taxes on all taxable property within the limits of Boise City and shall apply such· special

tax solely to pay such municipal bonds and the interest thereon until the same are fully paid. Should the special tax levied and collected for the payment of the interest on such municipal bonds or the principal thereof, or both, not be sufficient for the same, then such interest or principal, or both, shall be paid out of the general fund of Boise City, and should there be any surplus of said special tax moneys remaining after the principal of such municipal bonds, and all the interest thereon, have been fully paid, then such surplus shall be paid over to the general fund of Boise City."

The questions submitted for decision are as follows: 1. Have the provisions of section 3, article 8, of the constitution of Idaho, been sufficiently complied with, in the issuing of said bonds hereinbefore described, in the matter of constituting a sinking fund for the payment of the principal thereof, within twenty years from time of issue? 2. Have the provisions of the constitution and laws of the state of Idaho been sufficiently complied with, in the matter of the proposed issue of the $59,854.65 municipal funding bonds of Boise City, Idaho, hereinbefore referred to and described, and are said bonds valid?

Appellant contends that said provision of the constitution requires the levy and collection of a tax each year after the issuance of such bonds, to constitute a sinking fund for their payment, and that as said ordinance does not authorize or direct the collection of a sinking fund for the payment of the principal of said bonds until 1909, and annually thereafter until said bonds are paid, it does not meet the requirements of the provisions of said section 3 of article 8 of the constitution. Said section of the constitution provides that before or at the time of incurring the indebtedness provision must be made for the collection of an annual tax sufficient to pay the interest on such indebtedness as it falls due, and also to constitute a sinking fund for the payment of the principal thereof within twenty years from the time of contracting the same. We think the clear intention of said provisions of the constitution has been substantially complied with by the provisions of said ordinance in providing for an annual tax sufficient to pay the interest as it accrues on said indebtedness, and the provision therein for

creating a sinking fund for the payment of the principal of said indebtedness within twenty years from the time of creating the same will accomplish that purpose, and is in substantial compliance with said provision of the constitution. We therefore conclude that the provisions of section 3 of article 8 of our state constitution have been complied with in the issuing of said bonds, and in the matter of constituting a sinking fund for the payment of the principal thereof within twenty years from the time of contracting the same, and that in the proposed issue of said $59,854.65 of municipal funding bonds the provisions of the constitution have been complied with, and that said bonds are valid indebtedness against said city. The judgment of the court below is affirmed, with costs in favor of respondent.

Huston, C. J., and Quarles, J., concur.